DuBois *et al. v.* Gentry *et ux.*

(*Nashville,* December Term, 1944.)

Opinion filed January 6, 1945.

E. H. Boyd, of Cookeville, and H. B. McGinness, of Carthage, for appellants.

W. P. Flatt, of Cookeville, for appellees.

Mr. Justice Neil delivered the opinion of the Court.

This suit originated in the Circuit Court of Putnam County by DuBois filing a petition for a declaratory judgment as to his, or their, right to terminate a lease contract. The plaintiffs had leased a filling station in the town of Cookeville from the defendants, agreeing to pay as a consideration the sum of $60 per month. Following the execution of this lease they took possession and operated it for approximately two years. It appears from the petition and the evidence that plaintiffs had considerable difficulty in subleasing the place and in operating it themselves, due to gasoline and tire rationing and inability to

employ servants to carry on the work. It was contended that all available local labor had gone into war plants where the wage paid was excessively high and that for this reason plaintiffs were unable to secure employees to operate the place. The lease contract is filed as a part of the record. The pertinent part of the contract upon which plaintiff relies provides:

"Lessee's Right of Termination: Should Lessee, for any reason other than (a) any wilful act of Lessee and/or (b) damage or destruction of the premises and/or any structure thereon, be prevented from establishing or continuing the business of distributing petroleum products on said premises; Lessee may terminate this lease upon giving thirty (30) days' written notice to Lessor, in which event the rental obligation shall be prorated to the date of such termination."

The plaintiffs gave the written notice and averred in the declaration that through no fault of their own they were unable to operate the business. The defendants denied that the plaintiffs had any right under the terms of the contract to terminate the lease. The trial judge held that the petition was proper as a suit for a declaratory judgment. The petition was sustained, not upon its averments as herein set forth, but because the defendants had failed to return the plaintiffs the keys within a reasonable time and had thereby tacitly recognized their right to terminate the contract.

The defendants prayed an appeal to the Court of Appeals and assigned errors which called for a proper construction of the lease contract and especially of the paragraph that is referred to in this opinion relating to the right of the lessee to terminate the contract. The Court of Appeals held that the act of plaintiff in terminating the contract was authorized and in that regard re-

versed the trial court. We granted *certiorari* and the case has been orally argued by counsel. The defendants, Gentry and wife, have assigned as error the action of the Court of Appeals in sustaining plaintiffs' right to terminate the lease contract.

We think the judgment of the Court is correct and should be affirmed. The following finding of fact by the Court is fully sustained by the record:

"The record discloses that between the date of the lease and March 2, 1942, they employed six different men who stayed for short periods and between March 2, 1942, and the date of the alleged termination of the lease they contacted and made efforts, without success, to employ fourteen other men. They insist further that they had been constantly looking for someone to operate the station and had been unable to find anyone who was available."

In 147 A. L. R. p. 1274, it is said:

"Generally speaking, the Courts have declined to relieve tenants from the obligations of their commercial leases because of the fact that the volume of business transacted has been curtailed as a result of the Federal rationing laws."

We think the weight of authority supports the general rule that in the absence of any stipulation giving the lessee, under certain contingencies, the right to terminate the lease, he has no such right.

In *Bryan* v. *Spurgin*, 37 Tenn. 681, 685, 686, it was held that "if the performance of a contract becomes impossible by contingencies which should have been foreseen and provided against in the contract, the non-performance will not be excused." Citing cases. It cannot be doubted, however, that the parties to a lease contract may expressly stipulate that it may be terminated at the will of either party. The Court of Appeals of Kentucky

dealt with the question now 'before us in *Mid-Continent Petroleum Corp.* v. *Barrett et al.*, 297 Ky. 709, 181 S. W. (2d) 60, 61. After giving its approval to the general rule as announced in 147 A. L. R., *supra,* and other cases, the Court held that where the contract expressly provided for the termination of a contract because of war-time restrictions and limitations, the general rule would not apply. The contract which the Court was called upon to construe contained the following:

"If during the term of this lease, or any extension thereof, the use of the said premises for an oil and gasoline filling station be prevented, suspended or limited by any zoning statute, or ordinance, or any other municipal or governmental action or valid law, ordinance or regulation; or the use of said premises be affected or impaired by the widening, altering or improving of any streets, fronting or adjoining said premises, then lessee may cancel this lease by giving thirty (30) days written notice to lessor."

In supporting the right to terminate the contract by reason of the foregoing express provisions the Court used the following language:

"Therefore, the decisions are in complete accord with an elementary principle of the law of contracts that when a party engages without qualification to do an act, his performance is not excused because it becomes onerous or unprofitable. It is deemed his own fault if he does not expressly provide against contingencies and exempt himself from responsibility in certain events. In this contract the lessee had the foresight to provide expressly for contingencies which would affect the operation of its business on the premises. Doubtless war, with all its tragic consequences, was far from the expectation of the parties, but the language used in expressing

the conditions upon which the lessee's option to terminate the lease rests is sweeping in its reach, both with respect to cause and results.''

 It cannot be doubted that the contingencies mentioned in the contract, and to which the parties agreed, were given full and sweeping effect; and rightfully so since the Court was without power to make another and different contract from the one executed by the parties themselves. We find the contract in the instant case to contain a much broader scope to the right of termination than the one construed by the Kentucky Court of Appeals. Here it is expressly provided that the lessee shall have the right to terminate the lease ''for any reason'' other than a wilful refusal to abide by it, or if the buildings are destroyed by fire. We cannot say that it could be terminated for a trivial reason, since in many circumstances such an excuse might amount to nothing more than a wilful act. If, however, the reason for its termination is founded in truth and fair dealing, then it is sufficient to justify the lessee in terminating his contract. Such a reason falls within the express provisions of the contract now before us. The words ''if for any reason'', etc., as incorporated in the contract, should be construed to mean ''any good reason or just reason''. In 17 C. J. S., Contracts, Sec. 399, pp. 888, 889, it is said:

''A contract may provide that it shall come to an end at the option of one or either of the parties, and such a stipulation when fairly entered into will be enforced if not contrary to equity and good conscience.'' Citing many cases.

In a footnote to the foregoing text (page 889 of 17 C. J. S.) there appears the following:

" 'Just cause' or 'good cause'

"As used in contracts providing for termination of contract by either party for 'just cause' or 'good cause,' the quoted phrases are not synonymous with 'legal cause,' which exists independently of the contract, but include causes outside of legal cause, which must be based on reasonable grounds, and there must be a fair and honest cause or reason, regulated by good faith on the part of the party exercising the power to terminate."

It clearly appears from the record in the instant case that the plaintiff lessee acted in good faith in terminating the lease. He had made an honest effort to carry out its obligations but, due to his inability to secure competent servants, as well as war-time restrictions and limitations upon the sale of gasoline and automobile accessories, he was unable to continue. Moreover, the parties, lessee and lessor, had the vision to foresee that these or similar conditions and contingencies might arise as a result of which it would become extremely difficult, if not impossible, to operate the leased premises.

Finding no error in the judgment of the Court of Appeals it is in all things affirmed.