

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 6, 1972

Honorable Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78204

Opinion No. M- 1149

Re: Whether Bexar County pur-
suant to Article 6716-1,
V.C.S., is required to em-
ploy a licensed professional
engineer as the County Road
Engineer or whether it may
continue to employ the
services of a Road Adminis-
trator in lieu thereof?

Dear Mr. Butler:

Your request for an opinion on the above subject matter
asks the following question:

Whether Bexar County, under the provisions of Article
6716-1, Vernon's Civil Statutes, is required to employ a
licensed professional engineer to be County Road Engineer or
may Bexar County continue to employ the services of a Road
Administrator.

Article 3271a, Vernon's Civil Statutes, known as the Texas
Engineering Practice Act, is the general act governing any
activities by or relating to professional engineers. However,
Sec. 19 of Article 3271a excludes any road work undertaken
by the County Commissioners Court. Sec. 19 provides:

". . . that the Act shall not apply to any
road maintenance or betterment work undertaken
by a County Commissioners Court."

Because of this exclusionary provision in Article 3271a, the
specific provisions of Article 6716-1, Vernon's Civil Statutes,

known as the Optional County Road Law of 1947, are controlling.

In 1951 Bexar County adopted Article 6716-1.  In its original form Sec. 5 of the Article provided:

"The County Road Engineer shall be appointed by the Commissioners Court.  He shall be a licensed professional engineer, experienced in road construction and maintenance who shall meet the qualifications required by the State Highway Department for its county engineers."

However, during the 55th Regular Session of the State Legislature in 1957, House Bill 577 was enacted which amended Section 5 of the Optional County Road Law of 1947.  The caption to H.B. 577 stated the bill was "An Act amending Sec. 5 . . . so as to authorize the employment of a County Road Administrator to perform the duties imposed upon the County Road Engineer in the event a county is unable to employ a licensed professional engineer; . . ." (Emphasis added.)

Thus under Article 6716-1 the Commissioners Court is authorized to employ as the County Road Engineer either a licensed professional engineer or a qualified road administrative officer in view of the fact that Section 5 now provides:

"The County Road Engineer shall be appointed by the Commissioners Court.  He shall be a licensed professional engineer, experienced in road construction and maintenance, he shall meet the qualifications required by the State Highway Department for its county engineers.  If the Commissioners Court is not able to employ a licensed professional engineer for any reason, then the Commissioners Court is authorized to employ a qualified road administrative officer, who shall be known as the County Road Administrator to perform the duties of the County Road Engineer.  The County Road Engineer

shall have had experience in road building or maintenance or types of construction work qualifying him to perform the duties imposed upon him, but it shall not be necessary that he have had any experience in engineering work. The County Road Administrator shall perform the same duties as are imposed upon the County Road Engineer, and all references in other sections of this Act to the County Road Engineer shall include and apply to the County Road Administrator." (Emphasis added.)

The phrase "for any reason" is not defined by the Act, nor is there any other provision which defines the phrase. Therefore, we must look elsewhere for a definition. In Dubois v. Gentry, 184 S.W.2d 369, 371 (Tenn.Sup. 1945) it was held "for any reason" means "any good reason or just reason."

In the absence of any evidence of abuse, acts of administrative bodies, including commissioners courts acting in an administrative capacity as in this situation, are assumed to be positive actions within the discretion of the administrative body. Thus, in this instance, it is assumed that the Commissioners Court of Bexar County, acting within its discretion and within the confines of Article 6716-1, Vernon's Civil Statutes, and for a good and just reason, validly employed and may continue to employ an experienced County Road Administrator rather than a licensed professional engineer.

### S U M M A R Y

Bexar County, having adopted the Optional County Road Law of 1947, Article 6716-1, V.C.S., in 1951, may continue to employ the services of a qualified road administrator rather than a licensed professional engineer.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Lewis Jones
Mel Corley
Bill Flanary
Sally Phillips

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant