**BOB PEARSALL MOTORS, INC.,**
Appellant,

v.

**REGAL CHRYSLER–PLYMOUTH, INC.,**
Appellee.

Supreme Court of Tennessee.

March 3, 1975.

Rehearing Denied April 14, 1975.

---

John C. Tune, Butler, Tune & Entrekin, Nashville, for appellant.

James L. Roberts, Parker, Nichols & Roberts, Nashville, for appellee.

## OPINION

HENRY, Justice.

This suit for a declaratory judgment, brought pursuant to Sec. 23–1101 et seq., T.C.A., seeks a declaration of the rights of the parties under a sublease agreement. Appellant, Pearsall Motors, Inc. appeals from a judgment in favor of Regal Chrysler-Plymouth, Inc.

### I.

Pearsall operated an automobile dealership located on four separate tracts of real estate on each of which it held the primary lease. One such lease, and a sublease of the same property form the basis of this action.

This primary lease, covering a term of sixty-two months, contains the following provision, following a conventional leasing clause:

. . . the lessee agrees to pay $27,900.00 *rent* and to pay same monthly in equal installments . . . (Emphasis added)

It should be noted that this lease was prepared on a printed form. Immediately following the recitation of rental and provisions relating to payment, it is recited that "(t)his lease is made upon and subject to the following express covenants, stipulations and conditions." Among these are the requirements that the lessee:

Maintain said premises in good repair.

Pay all water taxes assessed during the period of the lease.

Immediately following the printed covenants, stipulations and conditions, there appears the following typewritten provision:

LESSEE, IN ADDITION TO THE RENTAL HEREINABOVE SET OUT, AGREES TO PAY ANY INCREASE IN PROPERTY TAXES OVER THOSE PAID BY LESSORS FOR THE YEAR 1970, whether caused by increased assessment or rate.

We attach no significance to the change of case in this quotation, from uppercase or full caps to lowercase. It, no doubt, was by inadvertence and we reproduced it as it appears on the lease only in the interest of accuracy.

The remainder of the contract contains nothing of significance to this controversy.

This lease, according to the allegations of the Complaint, was entered into on *May 24, 1963;* however, the exhibit copy shows the correct date to have 'been *March 4, 1971.* The briefs proceed upon the assumption that this latter date is correct and so do we, since the precise date appears to be of no significance.

Simultaneously (assuming *March 4, 1971* to be the correct date), Pearsall entered into a sublease agreement with Regal. In that document the date of the primary lease is shown to be *April 1, 1970.* Again we find this to be of no significance; however, in the interest of clarity we note that we are dealing with a primary lease entered into on one of the aforesaid dates between Pearsall and Phil Cohen Realty Company, acting through Gilbert Lee Cohen, agent for Ned Feldman, and covering the premises located at 601 5th Avenue South and 505 Lea Avenue, in Nashville.

Paragraph 2 of the sublease reads, in part, as follows:

Regal shall pay Pearsall *rental* in the amount of $3,200.00 per calendar month during the term of this lease. (Emphasis supplied)

By paragraph 4 it is provided:

Regal hereby assumes, during the term of this sublease, *all of Pearsall's obliga-*

*tions* to the Lessors under said leases, *except the payment of rent.* (Emphasis supplied).

Pearsall contends that under the sublease agreement it became the obligation of Regal not only to pay rent but also to pay any increase in taxes resulting from increased assessment or rate.

Regal insists that the provision relating to the payment of taxes by the primary lessee was merely a device by which to adjust the rent and that the word "rent" includes the payment of taxes. Therefore, Regal's position is that under paragraph 2 of the sublease agreement, its entire obligation, consistent with legal principles. Petty v. Sloan, 197 Tenn. 630, 277 S.W.2d 355 crease is the sole responsibility of Pearsall.

The distinguished Chancellor held that Pearsall's "obligation to pay any increase in property taxes was a means of measuring the Lessee's obligation to pay additional rent," and that Regal's assumption of Pearsall's obligation under paragraph 4 of the sublease "did not include the obligation to pay any increase in property taxes, the same being a part of the rent as set out above."

## II.

■ The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles. Petty v. Sloan, 197 Tenn. 630, 277 S.W.2d 355 (1955).

■ It is the Court's duty to enforce contracts according to their plain terms. Eleogrammenos v. Standard Life Ins. Co., 177 Tenn. 328, 149 S.W.2d 69 (1941). Further, the language used must be taken and understood in its plain, ordinary and popular sense. Guardian Life Ins. Co. v. Richardson, 23 Tenn.App. 194, 129 S.W.2d 1107 (1939).

■ The courts, of course, are precluded from creating a new contract for the parties. Dubois v. Gentry, 182 Tenn. 103, 184 S.W.2d 369 (1945).

Various definitions of the word "rent" are urged upon us. According to Black's Law Dictionary, Revised Fourth Edition, rent is payment received periodically for the use of property. Taxes have been defined as the price we pay for civilization. We think definitions are of no importance. Rent is rent and taxes are taxes; however, the twain may meet and tax payments may be treated as a part of the rental if the parties so agree.

Able counsel have submitted most excellent briefs that have materially aided the Court in a general understanding and analysis of the problem presented, but notwithstanding their diligence and our own independent investigation into the applicable law we find no Tennessee case precisely in point.

The reasoning of the United States Court of Appeals for the Eighth Circuit, in Lamoine Mott Estate v. Neiman, 77 F.2d 744, (8th Cir. 1935), 99 ALR 1097, is most persuasive. There the court had before it a lease which contained provisions strikingly similar to those here under consideration.

The lessee covenanted to pay rent in a fixed annual amount. The ensuing paragraph provided, in pertinent part:

The lessee shall in all instances, *in addition to said stipulated* rental, pay all taxes . . .

In holding that the word "rent" did not include taxes, the Court said:

(W)e feel compelled to follow the general rule that there is a clear distinction between taxes and rent in common usage, and that the term "rent" may not be so construed as to include taxes "in the absence of a clear intention of the parties to that effect expressed in the lease."

Here we find no such clear intention. The clause in the Pearsall-Regal lease reads *"in addition to the rental hereinabove set out."* In Lamoine Mott it reads *"in addition to said stipulated rental."* We find these clauses identical in legal effect.

The provision in the sublease from Pearsall to Regal with respect to the payment of property taxes is in precisely the same category as the prior provisions of the same section of the lease requiring lessee to maintain the premises and pay all water taxes. The printed form does not contain any reference to the payment of property taxes. It is obvious that the parties desired to supply this omission. Their action in so doing resulted in the insertion of language wholly inconsistent with the view that the property taxes were a part of the rental.

## III.

We, therefore, hold that under the sublease agreement Regal bound and obligated itself to assume and pay all of Pearsall's obligations under the primary lease, excluding rent, but including all increase in property taxes over those for the year 1970 arising from an increase in the assessment or rate.

The judgment of the Chancellor is reversed. Costs of this appeal are taxed against appellee.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.

## OPINION ON PETITION TO REHEAR

The petition to rehear was not timely filed under Rule 32 of this Court nor does it contain any new argument or cite any new authority as required by said Rule.

The petition is accordingly overruled.