IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

JANET LYNN POSNER,

      Plaintiff-Appellee,

Vs.

ALAN MARTIN POSNER,

      Defendant-Appellant.

Shelby Circuit No. 148133
C.A. No. 02A01-9710-CV-00249

FILED

December 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

_____

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE JAMES E. RUSSELL, JUDGE

William P. Zdancewica; Dowden & Zdancewica of Memphiis
For Appellee

Robin H. Rasmussen; Jackson, Shields, Yeiser &
Cantrell of Cordova
For Appellant

*REVERSED IN PART, AFFIRMED IN PART AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This appeal concerns the modification of a marital dissolution agreement incorporated

in a final decree of divorce. Plaintiff, Janet Lynn Posner (Wife), and defendant, Alan Martin

Posner (Husband), were divorced by final decree entered July 13, 1995. The decree approved

and incorporated by reference a marital dissolution agreement (MDA) which, among other things, provided for the joint custody of the minor children with Wife designated as the primary care giver. The agreement specifically provided that Husband would pay child support as established under the child support guidelines pursuant to T.C.A. § 36-5-101 (e). The instant case was spawned by the following provision of the marital dissolution agreement:

> On or before May 1st of each year (during years that child support is paid), the parties will re-evaluate the amount of Guideline Child Support paid by the Husband by comparing the Husband's preceding year's annual income. To the extent that Husband's income increases or decreases, the Husband's monthly support obligations will be modified without leave of court in an amount equal to the Child Support Guidelines then in effect (this contemplates that the Husband's obligations may be increased or decreased).

On August 8, 1996, Wife filed a "Petition for Scire Facias and Contempt." The petition alleges that pursuant to Paragraph 2 of the marital dissolution agreement (quoted above) Wife was provided with a letter from Husband's accountant "setting forth his annual salary as well as a copy of a form W-2(c) statement of corrected income and tax amount," and that Wife's request for copies of his full income tax records was refused. The petition prays that Husband be held in contempt for refusing to furnish the tax returns and that he be required to provide the tax returns. After a hearing, the trial court denied Wife's requested relief in an order providing:

> 1. The Marital Dissolution Agreement does not specifically require respondent to produce copies of his income tax return, W-2's, 1099's, or other tax information.

> 2. Respondent is not in contempt of the Court's orders.

On December 17, 1996, Wife filed a "Petition to Modify Final Decree" citing virtually the same allegations but asking the court to modify the final decree of divorce and marital dissolution agreement to require Husband to provide Wife "with his full federal and state tax returns, including all schedules and forms, prior to May 1 of each year in order to set Defendant's child support obligations."

After a hearing, the trial court entered an "Order Modifying Final Decree of Divorce" which provides:

> ORDERED, ADJUDGED AND DECREED:

> 1. That the Petition to Modify Final Decree of Divorce is hereby granted, and Defendant, Alan Posner, is to furnish Plaintiff, Janet Posner, with his tax returns and any other relevant documents

2

according to the terms of the Agreement necessary to ascertain his full annual income in order to effectuate the terms of the Agreement.

2. That Petitioner is denied her request for attorney fees.

3. That Defendant is required to pay all court costs incurred for bringing this cause for which let execution issue if necessary.

Husband has appealed and presents three issues for review which, as set out in his brief, are:

A. Whether the Circuit Court erred when it Modified the Final Decree of Divorce and thus the Marital Dissolution Agreement to provide that Husband furnish Wife with his tax returns.

B. Whether the Circuit Court erred in its re-interpretation of the Marital Dissolution Agreement?

C. Whether the Circuit Court erred in refusing to award Husband his attorney fees and expenses for defense of the Marital Dissolution Agreement?

Husband's second issue for review is really a nonissue because the trial court made no ruling interpreting the agreement.

In considering the first issue for review, we must first determine whether the final decree is subject to the modification made by the trial court. Without question, the order for child support remains in the court's control and is subject to modification. T.C.A. § 36-5-101 (a)(1)(1966). When Husband and Wife contract with respect to the legal duty of child support, upon approval of the contract, the agreement of the parties becomes merged into the decree and loses its contractual nature. *Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975). In *Penland*, the Court said:

[I]t is clear that the reason for stripping the agreement of the parties of its contractual nature is the continuing statutory power of the Court to modify its terms when changed circumstances justify. It follows, and we so hold, that only that portion of a property settlement agreement between husband and wife dealing with the legal duty of child support, or alimony over which the court has continuing statutory power to modify, loses its contractual nature when merged into a decree for divorce.

*Penland*, 521 S.W.2d at 224.

In the instant case, the parties' agreement to annually review Husband's income in order to keep the child support payments in compliance with the guidelines is admirable, but we know of no authority that requires such action by the parties. Therefore, we hold that the above-quoted

provision of the MDA is not merged into the final decree in this case. Accordingly, the trial court's modification of the final decree is a nullity. Husband's issue also includes the trial court's authority to modify the MDA. While technically the trial court's order deals strictly with the final decree of divorce, in the interest of judicial economy, we will consider the issue concerning modification of the MDA.

Under the guise of interpretation, the court is without power to make a different contract than that executed by the parties. *Central Drug Store v. Adams*, 184 Tenn. 541, 201 S.W.2d 682 (1947); *Dubois v. Gentry,* 182 Tenn. 103, 184 S.W.2d 369 (1945).

The MDA provision requires an annual comparison of child support payments with Husband's preceding years' annual income. Obviously, since the parties specifically provide for payment of child support pursuant to the guidelines, the use of the term "income" must mean income as defined in the guidelines for the purposes of calculating child support awards. Section 1240-2-4-.03(e) exhaustively describes gross income for calculation purposes, and it certainly includes more than a spouse's salary. Since the MDA clearly provides for yearly re-evaluation of the guidelines amount of support based on the Husband's previous year's income, it was apparently contemplated by the parties that *something* be used in order to make this comparison. An unexpressed obligation will be implied when it is clear that it was intended. *Hamblen County v. City of Morristown*, 656 S.W.2d 331 (Tenn. 1983). Under the terms of the agreement, Husband is required to furnish acceptable data for making the comparison.

Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement, and there is an implied undertaking on the part of each party that nothing will be intentionally done which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. *Winfree v. Educators Credit Union*, 900 S.W.2d 285 (Tenn. App. 1995). Thus, under the terms of the MDA, Husband must furnish acceptable data disclosing his income as defined in the child support guidelines. This does not necessarily mean that he must furnish copies of his income tax returns and all schedules thereto so long as he does furnish the acceptable data. Misrepresentation on the part of Husband can certainly be ascertained by the liberal discovery rules in existence.

It appears to this Court that the MDA implicitly requires the furnishing of competent data in order to make the comparison called for by the MDA. A modification requiring furnishing

of complete income tax returns is an unwarranted modification of the MDA.

Husband's last issue concerns the failure of the court to award him attorney fees. The trial court denied Wife's request for attorney fees, and we cannot find in the record where Husband requested attorney fees. In any event, it appears to this court that the entire litigation could have easily been avoided with a little effort on the part of both parties to comply with the MDA. Each party should bear their own expenses.

For the reasons set out above, the order of the trial court modifying the final decree of divorce is reversed and is otherwise affirmed. This case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed equally to the parties.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**