IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2023 Session

### LEE ANN POLSTER V. RUSSELL JOSEPH POLSTER

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-20-271     Ted A. Crozier, Chancellor**

_____

### No. M2022-01432-COA-R3-CV

_____

In the prior appeal of this case, a husband's argument regarding the division of assets/unconscionability of the marital dissolution agreement was deemed waived because it was not raised in the trial court. The case was remanded for a determination of attorney's fees. The husband attempted to bring the issue up again on remand, and the trial court refused to consider them. We affirm based on waiver and the narrow scope of the remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

John Terrance Maher, Clarksville, Tennessee, for the appellant, Russell Joseph Polster.

Steven C. Girsky, Clarksville, Tennessee, for the appellee, Lee Ann Polster.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Russell Polster and Lee Ann Polster were divorced by a final decree entered in the Chancery Court for Montgomery County on June 24, 2020; the final decree of divorce incorporated the parties' marital dissolution agreement ("MDA"). In a prior appeal, this Court held that there was "nothing that could have led the court to conclude that [Mr. Polster] had withdrawn his consent to the divorce or believed the MDA was invalid" and that the "court had the authority to grant the parties an irreconcilable differences divorce." *Polster v. Polster*, No. M2020-01150-COA-R3-CV, 2021 WL 4167927, at *4 (Tenn. Ct. App. Sept. 14, 2021), *perm. app. denied* (Jan. 12, 2022) ("*Polster I*"). We further held that "[w]e will not . . . entertain [Mr. Polster's] argument that the MDA was unconscionable,

as he raises that argument for the first time on appeal." *Id.* at *7 (citing *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006)). We also noted, in footnote four, as follows:

> In the context of making his unconscionability argument, Husband's brief makes passing reference to the MDA's inequitable division of the parties' assets, but he has not raised the division of assets as an issue on appeal. Thus, pursuant to Rules 13(b) and 27(a)(4), (b) of the Tennessee Rules of Appellate Procedure, we deem that issue to be waived. Even if he had properly raised this as an issue, his brief contains no citations to evidence in the record demonstrating the extent of the marital estate or values of the items it contained, and the MDA is silent as to the values of much of the couple's real and personal property. The table Husband includes in his reply brief does not comply with Rule 7 of the Rules of the Court of Appeals and merely contains "[v]alues . . . provided by [Husband]" that are completely unsupported by reference to the record. Importantly, as we ultimately determine in this appeal that Husband has provided no valid defenses to the enforcement of the MDA, that agreement must be enforced as written. "[O]ne of the bedrocks of Tennessee law is that our courts are without power to make another and different contract from the one executed by the parties themselves." *Eberbach v. Eberbach*, 535 S.W.3d 467, 478 (Tenn. 2017) (citing *Dubois v. Gentry*, 184 S.W.2d 369, 371 (Tenn. 1945)).

*Id.* at *7 n.4.

Upon remand, the trial court entered an order on February 28, 2022, awarding Ms. Polster $9,000.00 for attorney's fees incurred on appeal. The order stated, "[t]his is a final order and resolves any and all outstanding issues."

On March 25, 2022, Mr. Polster filed a pro se "Motion to Present Testimony and Evidence of Misconduct and Manipulation." Mr. Polster's motion sought to reopen testimony in his divorce proceeding, repeating arguments related to the covid pandemic that he made originally and on appeal, and ending his statement with "The law may have been followed, but I don't believe Justice was served." Ms. Polster filed a motion to dismiss and for attorney's fees. The trial court held a hearing on the motions on April 22, 2022, at which Mr. Polster testified, in part:

> THE COURT: You're content with letting it settle and end right here?
> MR. POLSTER: I'm -- I'm sorry. I want to -- I will -- I will -- excuse me.
> This is the end of the - - of the legal action, Judge.

On April 27, 2022, the trial court entered an order denying Mr. Polster's motion, finding, in relevant part, "[a]ll issues presented by Mr. Polster have been previously reviewed at the Appellate and Supreme Court levels and cannot be reviewed again," and

"[t]his matter is hereby DISMISSED on the basis that all issues presented by Mr. Polster are res judicata." The court also held that it would not award attorney's fees to Ms. Polster because "Mr. Polster acknowledged that he will not be filing any additional requests for review . . . ."

On May 24, 2022, Mr. Polster filed a pro se motion entitled, "Pursuant to Rules 52 and 59 of TN Civil Procedure: Motion to Make Additional Findings of Fact and Conclusions of Law for Unconscionability on Order of April 22, 2022." Before the hearing, Mr. Polster retained counsel. The trial court held a hearing on July 22, 2022, and on August 16, 2022, the trial court entered an order dismissing Mr. Polster's motion, holding:

> 1. All issues presented by Mr. Polster have been previously reviewed at the Appellate and Supreme Court levels and cannot be reviewed again.
>
> 2. Mr. Polster had been previously admonished over filing meritless Motions and Petitions on res judicata and warned by this Court that attorney fees would be awarded if another meritless Motion or Petition was filed.
>
> 3. Ms. Polster is hereby awarded a judgment for $750.00 towards her reasonable attorney fees to be paid forthwith by Zelle and for which execution shall issue if necessary.
>
> 4. This is a final and appealable Order.

Mr. Polster appealed.

## ANALYSIS

Mr. Polster wants to argue that that the MDA is unconscionable due to fairness and equity issues. In *Polster I*, he attempted to raise unconscionability in the context of the distribution of marital property, stating that, "The Marital Dissolution Agreement entered into by the parties' [sic], is not only inequitable, the contract is unconscionable." His argument was rejected by this Court because he had not raised unconscionability in the trial court and because he had not raised the division of assets as an issue on appeal, thereby waiving it.

Before delving into the merits of a matter, we must first consider whether issues are properly before this Court. At oral argument, the Court quizzed Mr. Polster's attorney regarding whether the division of assets/unconscionability issue is proper to raise on remand because of the waiver in *Polster I* and because of the scope of the remand. His view seemed to be that a post-appeal, post-trial motion was sufficient to bring the issue of

division of assets/unconscionability to the trial court's attention and to preserve the issue for another appeal. We disagree.

An appellate court's remand instructions must be followed. According to the Tennessee Supreme Court,

> "inferior courts must abide the orders, decrees and precedents of higher courts. . . . [Otherwise] [t]here would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions." *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976) (quoted in *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995)).

*Clark v. Clark*, No. M2006-00934-COA-R3-CV, 2007 WL 1462226, at *8 (Tenn. Ct. App. May 18, 2007).

> It is to the interest of all that there be a constraint on unnecessary litigation. Moreover, by remanding a case with limiting instructions when error exists as to only certain issues, the courts maintain the integrity of rulings previously made. Affording the trial court the latitude of [broadening the scope on remand] would present a likely conflict [with] the prior rulings of the trial court and this court. . . . It is for these and other meritorious reasons that appellate courts have the power to remand cases with limiting instructions to the trial courts.

*Id*. at *8 (quoting M*elton v. Melton*, No. M2003-01420-COA-R10-CV, 2004 WL 63437, at *5 (Tenn. Ct. App. Jan. 13, 2004), *perm. app. denied* (Tenn. June 14, 2004)). Such orders and mandates are controlling, and the lower court does not have "'the authority to expand the directive or purpose of [the higher] court imposed upon remand.'" *Raleigh Commons, Inc. v. SWH, LLC*, 580 S.W.3d 121, 130 (Tenn. Ct. App. 2018) (quoting *Silvey v. Silvey*, No. E2003-00586-COA-R3-CV, 2004 WL 508481, at *3 (Tenn. Ct. App. Mar. 16, 2004) (quoting *State v. Weston*, 60 S.W.3d 57, 59 (Tenn. 2001)).

The remand in *Polster I* was narrow, expressly stated and repeated. In the summary paragraph at the beginning of the opinion, we stated: "Upon our review, we affirm the judgment of the trial court. We also award the wife her attorney's fees for this appeal and remand to the trial court for a calculation of those fees." *Polster I*, 2021 WL 4167927, at *1. At the end of the analysis we held: "we conclude that the MDA entitles Wife to recover her attorney's fees for defending the trial court's judgment on appeal. We remand the matter to the trial court for calculation of that award." *Id.* at *10. In the conclusion, we again stated: "The judgment of the trial court is affirmed, and the case is remanded for proceedings in accordance with this opinion." *Id.* The remand does not envision or permit continuing litigation on the division of assets/unconscionability. Therefore, the trial court could not take up that issue.

In addition, Mr. Polster's unconscionability argument is based on the alleged unconscionability of the division of assets. As footnote 4 of *Polster I* states, he did not raise the division of assets on appeal and, therefore, the issue was waived. "This Court has held that a party waives the right to seek appellate review in the second appeal of an issue not raised in the first appeal." *LaFarge N. Am. v. Mills*, No. W2020-00959-COA-R3-CV, 2022 WL 704279, at *3 (Tenn. Ct. App. Mar. 9, 2022) (citing *Melton*, 2004 WL 63437, at *3. In other words, "[o]ne waives the right to appellate review concerning an issue that was not, but could have been, raised in a previous appeal." *Clark*, 2007 WL 1462226, at *8. Thus, as the trial court determined[1], the issues of division of assets/unconscionability cannot be raised at this point in the proceedings.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Mr. Polster, for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE

---

[1] While the trial court phrased its ruling in terms of res judicata, we have determined it is more appropriate to rule in respect to the waiver and remand language of *Polster I.* "We may affirm a judgment upon different grounds than those relied on by the trial court when the trial court has reached the correct result." *Basily v. Rain, Inc.*, 29 S.W.3d 879, 884 n. 3 (Tenn. Ct. App. 2000) (citing *Cont'l Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Kaylor v. Bradley*, 912 S.W.2d 728, 735 n. 6 (Tenn. Ct. App. 1995); *Clark v. Metro. Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991)).