McKee *v.* Continental Ins. Co.

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

Wood, Dietzen & Parks, of Chattanooga, for plaintiff in error.

Kefauver, Duggan & Miller, of Chattanooga, for defendant in error.

414

MR. JUSTICE BURNETT delivered the opinion of the Court.

On February 14, 1948, John C. McKee purchased a Chevrolet automobile from the Burnett Motor Company. On the the same day the motor company either assigned or transferred the unpaid obligation of McKee on said car to the Manufacturers Acceptance Corporation. On the same day a policy of insurance in the defendant Insurance Company was issued. This policy provided on its face that the named insured was the Manufacturers Acceptance Corporation and that the purchaser or borrower was John C. McKee. The policy also provided that:

"Item 2. Policy Period: From Feb. 14'48 to May 14'49, 12:01 A. M., standard time at the address of the insured as stated herein."

On the first page of this policy it also appears that there was an encumbrance due on said automobile by McKee of $615.00 dollars which was payable in 15 installments of $41.00 dollars each, the last installment being due May, 1949. At the bottom of the page and before any signature other than printed or typewritten appears the following:

"This certificate shall not be valid *unless* countersigned by a duly authorized agent of the company." Then follows the counter signature which is dated February 20, 1948.

On May 17, 1949, an accident occurred in which the automobile in question was involved and amounted to a loss of $575.00 dollars.

The sole question for our determination is whether or not the policy was in effect on the date of the accident.

The contention as made by able counsel for McKee is that regardless of the fact that the policy contained the expressed stipulation that it expired on May 14, 1949, it was nevertheless in effect on May 17, 1949, because the policy also contained a provision that it was not valid *unless* countersigned by a duly authorized agent of the company, and that the policy was actually countersigned on February 20, 1948, 6 days after the beginning date of the policy as stated above. This contention is based upon the fact that these two periods, the beginning and ending date of the policy show that the insurance was to run for 15 months and that the beginning time of this must start on the day of the countersigning and not at the time stated for it to begin in the face of the policy.

In *Dillon* v. *General Exchange Ins. Corp.*, Tex. Civ. App. 1933, 60 S. W. (2d) 331, that court in answering

the identical contention as here made under an almost identical state of facts said:

"We do not agree with this contention. The insurance company had a lawful right to make this policy effective from a prior date, regardless of the provision that same was not valid unless countersigned by the agent designated. This stipulation had to do with the authenticity of the policy rather than the time from which it should become effective. The policy did not provide that it was not valid *until* countersigned, but *unless* countersigned. Until might be construed as referring to time, but unless does not refer to time." (Emphasis ours.) Citing authorities.

We agree fully with the statement last above quoted as likewise applicable to the state of facts here under consideration.

Much stress is laid on the fact that under the interpretation which we think is correct the insured had no protection between the date of the policy and the date that it was countersigned, and, therefore, paid for something which he did not get. This might be true and probably is true if the Insurance Company had never countersigned the policy but we do not have this question before us. It seems to us that these considerations are beside the point. Courts cannot make contracts for parties. They can only enforce the contract which the parties themselves have made. In this case the parties clearly contracted that the contract period was to begin on February 14, 1948, and end on May 14, 1949. Obviously this form of policy was furnished the Manufacturers Acceptance Corporation, either by the Insurance Company or was printed by the Acceptance Corporation for their use in making loans, as the name of the Acceptance Corporation is printed on the face of the policy

as the named insured and that of the plaintiff here is typed in the policy as the purchaser or borrower. It is also gathered from reading this policy that there is a master policy with the Insurance Company and the insured (Manufacturers Acceptance Corporation) and they have in turn issued this policy subject to being countersigned as of the date of their loan and to cover the period of their loan. It is perfectly apparent likewise that the prime purpose of the issuing of the policy was to render to the lender, Manufacturers Acceptance Corporation, additional security for their loan which they required the borrower to pay for.

If the Insurance Company intended to write a contract for 15 months as is the contention of the plaintiff then they could have said in the face of the policy that this policy runs 15 months from the date of the countersigning and not as said in the face of the policy that it runs from a specific date to a specific date. Clearly upon the countersigning of this policy even at a subsequent date this confirmed the contract as stated.

A very able and plausible argument is made on behalf of the plaintiff in error that had the plaintiff "sustained the loss between the date the application was submitted and the date of countersigning, when risk was assumed, could not have recovered."

 This contention is well supported by authorities especially where some fraud could be shown in the issuance of the application, but where the application is made in good faith to one having authority to receive the application and a loss happens between that and the countersigning, and there is no fraud involved, then the policy is countersigned, the better reasoned cases hold that the Insurance Company is liable for the loss that

happened pending the counter signature. In line with this statement the case of *Simons* v. *Amer. Fire Underwriters of Amer. Ins. Co.,* 1943, 203 S. C. 471, 27 S. E. (2d) 809 is in point. Another case in point on this question is *Bankers Lloyds* v. *Montgomery,* Tex. Civ. App. 1931, 42 S. W. (2d) 285, 286. The court in that case said:

"But this policy expressly provides the period of time it was to be in force, and that included the time when the injury happened. The policy, therefore, on its face, purports to bind the company to a liability for injuries that might have occurred before the date of the policy or the time of delivery."

The plaintiff in error relies very strongly on the case of *Davis* v. *Home Ins. Co.,* 125 S. C. 381, 118 S. E. 536, as based on the identical facts of that of the instant case. The same court 21 years later in *Simons* v. *Amer. Fire Underwriters of Amer. Ins. Co.,* supra, distinguished the Davis case in these words:

"In the Davis case the controversy arose over the fact that the loss occurred within the twelve months period for which the premium had been paid by the insured, but after twelve months from the effective date of the policy as expressed therein. In other words, the effective date stated in the policy was an earlier date than the actual date of the countersigning of the policy. And the policy contained an express provision that it should be valid *only when* countersigned by the duly authorized agent of the Company. Because of this provision the policy was held effective to cover the loss.

"In the policy now before the Court, the provision is: '. . . but this policy shall not be valid *unless* countersigned by a duly authorized representative of this Company.' . . . It was in fact so countersigned,

and there is nothing in the instrument as introduced in evidence to deprive the insured of the right to rely upon the terms of the policy as far as the question of its taking effect is concerned.'' [203 S. C. 471, 27 S. E. (2d) 811.]

We have read and very carefully considered all the other cases cited by counsel and find that they are either subject to the distinction last above made or are of doubtful analogy.

McKee was given this insurance contract by the Manufacturers Acceptance Corporation and saw or should have seen, if he had examined it, the very plain type on the face that it ran from February 14, 1948, until May 14, 1949. Knowing these facts (when this time expired), if he had desired additional insurance, we think that we can take judicial knowledge of the fact that he could have applied for it and in the absence of some very good reason he could have secured additional insurance. Under such circumstances no injustice or inequity can be done McKee by enforcing the contract as written. The result is that the judgment below must be affirmed with costs. Both lower Courts rendered judgment for the Insurance Company and against McKee.

All concur.