## KING v. MUTUAL LIFE INS. CO. OF NEW YORK.

### Civ. A. No. 835.

United States District Court
E. D. Tennessee, N. E. D.

Sept. 8, 1953.

Fraker & Silvers, Greeneville, Tenn., for plaintiff.

Simmonds & Bowman, Johnson City, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This action grew out of refusal by the defendant to pay to plaintiff disability benefits alleged to be due under a policy of insurance which provides a death benefit of $5,000 and specified monthly payments in the event of total permanent disability. The complaint is in four counts, the substance of each being set out below.

In the first count, plaintiff sues for the accrued monthly benefits, plus interest thereon, plus the statutory penalty of 25% of the recovery, plus premiums paid since commencement of disability, with interest.

Plaintiff, in the second count, sues for a decree of specific performance, requiring defendant to pay in the future each monthly benefit as it becomes due and enjoining defendant from requiring plaintiff to attend physical examinations outside his home county, or any examination oftener than once a year.

The action under the third count is grounded upon the alleged breach of the whole policy and its repudiation by defendant, by reason of which plaintiff sues to recover the present value of all future benefits, including the death benefit and the monthly payments, based upon the life expectancy of the insured.

For a fourth count, plaintiff sues to rescind the entire contract and to recover all premiums paid since the issuance of the policy in 1929, with interest.

Defendant has moved to strike the second, third, and fourth counts, or for summary judgment thereon, reference being made to the pleadings and certain letters and documents filed in response to interrogatories.

The Court is aware of the rule that the striking of pleadings should be sparingly allowed. Brown & Williamson Tobacco Corp. v. United States, 6 Cir., 201 F.2d 819. Nevertheless, the Court is of the opinion that in this case the motion to strike should be granted. Although it is apparent that the four counts of the complaint are inconsistent and contradictory, the decision to strike is based upon the ground that none of the counts—second, third, or fourth—is maintainable as a matter of law.

The insured is, and when the policy was issued was, a citizen and resident of Tennessee. By statute, the policy must be treated as having been made in this State, that is, as a Tennessee contract governed by Tennessee law. Williams' Code, § 6086; Gray v. Aetna Life Insurance Company, 178 Tenn. 88, 156 S.W.2d 391. Neither federal substantive rules and decisions nor the decisions in other states are of any force, other than persuasive. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The second count of the complaint is not maintainable as a matter of law, for the reason that it asks the Court to remake the contract by which the parties shall be governed in the future. In Tennessee, the courts will not remake or vary contracts made by the parties, initially proper and acceptable, or so treated by the parties. McKee v. Continental Ins. Co., 191 Tenn. 413, 416, 234 S.W.2d 830, 22 A.L.R.2d 980; Dubois v. Gentry, 182 Tenn. 103, 108, 184 S.W.2d 369.

Nor is the third count maintainable. The Court has been able to find no case, nor have the parties cited any case of this State, which sanctions the relief sought by

the plaintiff in the third count. However, where the factual situation is as alleged here, a statute provides the plaintiff a remedy. This remedy is not allowance of damages for anticipatory breach of the insurance contract. It is impliedly a recognition that cases will arise where insurance companies will not act in good faith in their refusal to pay accrued insurance benefits. For such cases the statute provides a recoverable penalty of 25% of the amount recovered as a result of the plaintiff's lawsuit against the insurer. Williams' Code, § 6434.

■ This same statutoory remedy excludes the relief sought in the fourth count of the complaint. There is no basis for so much as an inference that there was any fraud in the inception of this particular contract. The alleged bad faith or fraudulent refusal of an insurer to pay the disability benefits is not a ground for rescission on the part of the insured. Instead it brings the case squarely within the purview of the penalty statute.

■ A further reason why the fourth count is not maintainable as a matter of law is, that the controversy here centers upon the disability feature of the insurance, the death benefit provision being in no way involved. A contract of insurance which provides for payment of distinct benefits upon the happening of separate contingencies is a severable contract. Light v. Greenwich Ins. Co., 105 Tenn. 480, 58 S.W. 851. See, also, Brockett v. Pipkin, 25 Tenn.App. 1, 149 S.W.2d 478.

■ Such is the nature of the contract here in question. It provides for payment of disability benefits upon the happening of the disability contingency. It also provides a death benefit. Where disability occurs and proof thereof is timely presented, a cause of action accrues in favor of the insured. This cause of action is independent of any cause of action that might arise in favor of the beneficiary under the death benefit provision. Moreover, accrual of each periodic payment gives to the insured a severable cause of action. Atkinson v. Railroad Employees' Mutual Relief Society, 160 Tenn. 158, 167, 22 S.W.2d 631. Under this rule, benefits *in futuro* are not recoverable, but only those which have accrued at the time of commencement of the suit. Equity practice, which permits recovery of accruals pending suit through the medium of a supplemental bill, has its counterpart in federal practice through amendment of the complaint. Compare Gibson, Suits in Chancery, Chambliss ed., § 683, with Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ From the record it is apparent that the sole material issue is whether conditions precedent to accrual of disability benefits have occurred. The only maintainable cause of action which is stated in the complaint is that based on the claim of disability.

Allegations contained in counts two, three and four are material to the question of bad faith, the element upon which the 25% penalty is sought in count one. As their appearance in counts two, three and four are repetitious, count one will not suffer by their having been stricken. See paragraph 6 of the first count.

Upon the foregoing reasoning and very limited citation of authorities, the motion to strike should be sustained.

Let an order be prepared accordingly.