IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 26, 2000 Session

# PUBLIC EMPLOYEES BENEFIT SERVICES CORPORATION v. ALANA DIANE PARMINTER, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. 98-1080-3     The Honorable D. J. Alissandratos, Chancellor**

---

**No. W2000-01540-COA-R3-CV - Filed March 7, 2001**

---

Administrator of employee's deferred income plan filed a complaint for a declaratory judgment seeking a determination of the proper beneficiary, either employee's widow or employee's sister entitled to the funds after the employee's death. The dispute basically involves an interpretation of the plan terms dealing with the method of changing beneficiaries. The trial court awarded the funds to employee's widow, an employee's sister has appealed. We vacate and remand.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court is Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Kathleen N. Gomes, Memphis, For Appellant, Linda Parminter Lane

Eugene G. Douglass, Jr., Bartlett, for Appellee, Alana Diane Parminter

## OPINION

On November 23, 1998, plaintiff, Public Employees Benefit Services Corporation (herein "PEBSCO"), filed a complaint in the Chancery Court of Knox County against the defendants, Alana Diane Parminter and Linda Parminter Lane, seeking a declaratory judgment to determine the beneficiary of a deferred compensation plan owned by decedent, Jackie H. Parminter (hereinafter Mr. Parminter). Proceeds of the fund are claimed by both defendants, Alana Diane Parminter, Mr. Parminter's widow, and Linda Parminter Lane, Mr. Parminter's sister. A consent order for a change of venue was entered, and the case was transferred to the Chancery Court of Shelby County. After the failure of a non-binding arbitration, a non-jury trial was held on August 17, 2000, and the

chancellor found that the widow, Ms. Parminter, was entitled to the proceeds of the fund. Ms. Lane appeals and presents two issues for review, as stated in her brief:

> 1. Whether the Trial Court erred in its decision awarding the proceeds of the deferred compensation plan of Jackie Parminter held by PEBSCO to Alana Diane Parminter, rather than to Linda Parminter Lane?

> 2. Whether the Trial Court erred by not applying the principles of substantial compliance in the enforcement of a change of beneficiary contract?

We will consider the issues together.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

The material facts are not in dispute. In addition to exhibits, filed depositions, and answers to interrogatories, a Stipulation of Facts was filed:

> 1. Jackie Parminter was employed as a fireman with the City of Memphis. He participated in the deferred compensation plan administered by Public Employees Benefit Service Corporation ("PEBSCO") which was funded by a voluntary payroll deduction from the participant's wages. Each employee was free to designate a beneficiary of the funds in the event of their death prior to retirement.

> 2. Pursuant to Article V of PEBSCO's written policy manual, a specific form was provided to participants to change a beneficiary and the prescribed change of beneficiary form is the only method set out in the policy as a means of changing the beneficiary. The paragraph reads as follows:

>> The PARTICIPANT shall have the right to file, with the Administrator, a written Beneficiary or change of Beneficiary form (sic) designating the person or persons who shall receive the benefits payable under this Plan in the event of the PARTICIPANT's death. The form for this purpose shall be provided by the Administrator and will have no effect until it is signed, filed with the Administrator by the

-2-

PARTICIPANT and accepted by the Administrator. If the PARTICIPANT dies without having a beneficiary form on file, benefits will be paid to the PARTICIPANT's estate. The PARTICIPANT accepts and acknowledges that he has the burden for executing and filing with the Administrator a proper beneficiary designation form.

3. The form referred to therein is the "Deferred Compensation Beneficiary Change Form, APO-776."

4. PEBSCO admits this written policy accurately and completely states the manner of changing a beneficiary.

5. An additional document provided by PEBSCO which is in issue is entitled "Participation Agreement and Payroll Deduction Authorization Form." The stated purpose of said document is to change the amount of the paycheck deduction for the employee's deferred compensation plan. PEBSCO also recognizes a change of beneficiary if it is noted on said form.

6. Although not set forth in the policy manual, according to PEBSCO any change of beneficiary must be witnessed to be effective. PEBSCO has stated in discovery that it considers the signature of David Willey on the May 29, 1991 Participation Agreement and Payroll Deduction Form to be a valid "witness signature".

7. Each employee is informed of the proper manner of changing beneficiaries in training class when they are hired.

8. On January 26, 1989, Jackie Parminter filled out a "Change of Beneficiary Form" changing the beneficiary from his sister, Linda Lane, to Alana D. Weeks, his fiancée. They were married on September 21, 1989 and lived together as man and wife for the balance of his life.

9. On May 29, 1991, Jackie Parminter filed a Participation Agreement and Payroll Deduction Authorization form which included a place for the name of the beneficiary. Said form reflects Linda Lane as beneficiary number 1 and Christine Parminter contingent beneficiary number 2.

10. All parties verify that the form was signed by Mr. Parminter but it is admitted by all the parties the names of Linda Lance and Christine Parminter and the balance of the handwritten portion of said form is not the handwriting of Jackie Parminter.

11. The authorized agent for PEBSCO in Memphis at the time in question was David Willey. His whereabouts today are unknown.

12. At all pertinent times, David Willey did not have a computer terminal connecting him to PEBSCO's records nor did he have access to the written records in Columbus Ohio.

13. There is presently $128,491.07 in the plan. Although PEBSCO has not interpleaded the funds into court, they have stated the funds will be voluntarily paid out pursuant to a court order.

In awarding the proceeds of the fund to Ms. Parminter the trial court stated:

> The Court thinks that it is more persuasive, when looking at the totality of the facts, that the decedent did not intend to dispossess his wife that he was living together with and that he had very specifically named a beneficiary exclusively. And the Court therefore finds that accordingly the Court will render a judgment in favor of the widow in this case.

In 1984, Mr. Parminter began participation in the Deferred Compensation Plan, and signed the original application naming his father, Harold Parminter, as his beneficiary. On April 12, 1985, and again on September 8, 1986, Mr. Parminter executed a Participation Agreement and Payroll Deduction Authorization increasing the amount of his payroll deduction. On both of these documents the word "same" appears in the line provided for the beneficiary name. It appears clear on the face of these documents that Mr. Parminter's intent at that time was to leave the beneficiary as his father. On May 28, 1988, Mr. Parminter executed another "Participation Agreement and Payroll Deduction Authorization Form," increasing his payroll deductions. On the lines provided for names of beneficiaries, Linda C. Lane, Sister, is listed as beneficiary #1, and Christine Parminter, Mother, is listed as the contingent beneficiary. On January 26, 1989, Mr. Parminter executed a "Deferred Compensation Beneficiary Form," changing the name of the beneficiary to Alana D. Weeks, Friend, and the contingent beneficiary to Linda Lane, Sister, but made no change in the deduction amount. Finally on May 29, 1991, Mr. Parminter executed another "Participation Agreement and Payroll Deduction Authorization," marking the form for change. He changed the amount of his deduction and listed Linda P. Lane, Sister, as the beneficiary, and Christine Parminter, Mother, as contingent beneficiary. Although the record indicates that these documents appear to have been filled out by someone other than Mr. Parminter, his signature appears on each document. The documents dated September 8, 1986 and May 28, 1988 are also signed by David F. Willey, as

-4-

"enroller," and the January 26, 1989 document is signed by David F. Willey, as "witness." The document dated April 12, 1985 is also signed by Virgil M. Rogers as "enroller." The original document, dated June 1, 1984 is a poor copy and the signatures are not legible. According to the deposition testimony of Terri James, PEBSCO employee, the signatures designated as "enroller" satisfy PEBSCO's requirement that a change of beneficiary be witnessed.

PEBSCO's written policy states that in order to change the designation of a beneficiary, the participant in the plan must "file with the Administrator a written Beneficiary or change of Beneficiary form designating the person or persons who shall receive the benefits...." In her deposition, Ms. James testified that PEBSCO recognizes several ways to designate a beneficiary to the deferred compensation plan: initially in the original enrollment form, on a change of beneficiary form (if no change is made to the amount of contribution), or on the participation agreement and payroll deduction authorization. In addition PEBSCO's responses to Alana Diane Parminter's Interrogatories read in pertinent part:

> **INTERROGATORY NO. 14.** Does the "Participation Agreement and Payroll Deduction Authorization" form which Jackie Parminter signed on May 29, 1991, contain any language indicating that the beneficiary is being changed?
>
> **RESPONSE TO INTERROGATORY NO. 14.** Yes. The "Participation Agreement and Payroll Deduction Authorization" form signed by Jackie Parminter on May 29, 1991 indication the primary beneficiary of his deferred compensation account as Linda Lane, Sister and the contingent beneficiary as Christine Parminter, Mother. The previous "Participation Agreement and Payroll Deduction Authorization form" which was signed by Jackie Parminter on January 26, 1989 listed the primary beneficiary of his deferred compensation account as Alana D. Weeks, Friend and the contingent beneficiary as Linda Lane, Sister.

In construing the Plan documents, we are guided by well established rules. In ***Bradson Mercantile, Inc. v. Crabtree,*** 1 S.W. 3rd 648, 652 (1999), the Court said:

> The cardinal rule in the construction of contracts is to ascertain the intent of the parties. ***West v. Laminite Plastics Mfg. Co.,*** 674 S.W.2d 310 (Tenn.App.1984). If the contract is plain and unambiguous, the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms. ***Petty v. Sloan,*** 197 Tenn. 630, 277 S.W.2d 355 (1955). The language used in a contract must be taken and understood in its plain, ordinary, and popular sense. ***Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.,*** 521 S.W.2d 578 (Tenn.1975). In

construing contracts, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning. ***Ballard v. North American Life & Cas. Co.,*** 667 S.W.2d 79 (Tenn.App.1983). If the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties. ***Sutton v. First Nat. Bank of Crossville***, 620 S.W.2d 526 (Tenn.App.1981). Courts cannot make contracts for parties but can only enforce the contract which the parties themselves have made. ***McKee v. Continental Ins. Co.,*** 191 Tenn. 413, 234 S.W.2d 830, 22 A.L.R.2d 980 (1951).

***Bradson Mercantile, Inc.*** 1 S.W.3d at 652.

This Court noted in ***Sun Life Assur. Co. of Canada v. Hicks,*** 844 S.W.2d 652 (Tenn. Ct. App. 1992) that Tennessee recognizes the doctrine of substantial compliance with regard to the issue of a change in beneficiary of an insurance policy. The Court stated:

By virtue of its court decisions, Tennessee has cast its lot as a "substantial compliance" state as regards the issue of a change in beneficiary of an insurance policy. ***See Cronbach v. Aetna Life Ins. Co.***, 153 Tenn. 362, 284 S.W.2d 72 (1926). The ***Cronbach***, court, quoting 37 *Corpus Juris* § 350 with approval, stated in pertinent part the law in this regard as follows:

A mere unexecuted intention to change the beneficiary is not sufficient.... On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of insured. Of course the rule is not applicable

> where insured has not done all that he reasonably
> could to meet the conditions of the policy.

> *Id*. 284 S.W. at 73.

*Id.* at 844 S.W.2d at 654. *See also Massachusetts Mut. Life Ins. Co. v. Henry,* 638 S.W.2d 410 (Tenn. Ct. App. 1982). The designation of a beneficiary in a Plan such as in the instant case is analogous to such designation in an insurance policy, and the same rules should apply.

Under the doctrine of substantial compliance, on the form executed May 29, 1991, Mr. Parminter did all that was necessary and required by PEBSCO to effect a change in the beneficiary. In addition, all documents are clear and unambiguous as to their meaning, and therefore, we are required by Tennessee law to "interpret it as written rather than according to the unexpressed intention of one of the parties". *Sutton v. First Nat. Bank of Crossville*, 620 S.W.2d 526, 530 (Tenn. Ct. App.1981) (citing *Nashville Electric Supply Company, Inc. v. Kay Industries,* 533 S.W.2d 306 (Tenn. Ct. App. 1975); *Petty v. Sloan,* 197 Tenn. 630, 277 S.W.2d 355 (1955); *Associated Press v. GGNS, Inc.,* 48 Tenn. Ct. App. 407, 348 S.W.2d 507 (1961). The expressed intent of Mr. Parminter on the document dated May 29, 1991, was to change the beneficiary of his deferred compensation account to Linda Lane, Sister, and the contingent beneficiary to Christine Parminter, Mother.

Accordingly, the order of the trial court is vacated, and the case is remanded for entry of judgment declaring Linda Lane as the rightful beneficiary of Mr. Parminter's deferred compensation plan, and Christine Parminter as the contingent beneficiary. Costs of the appeal are assessed against appellee, Alana Diane Parminter.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.