IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 22, 2003 Session

## PROMUS HOTELS, INC. v. MARTIN, COLE, DANDO & ROBERTSON, INC, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. 110205-1     The Honorable Walter L. Evans, Chancellor**

<hr>

**No. W2002-01028-COA-R3-CV - Filed February 3, 2003**

<hr>

This is an appeal from an Order denying Appellant's Motion to Compel Arbitration. Appellant filed a third-party claim against its subcontractor, Appellee, for indemnity. The Subcontract between the parties contained an agreement to arbitrate. Appellant contends that the agreement binds Appellee to arbitrate the matter. Appellee contends that it is not bound to arbitrate due to an exception in the Subcontract. We affirm and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Don L. Smith; Kenneth S. Schrupp, Nashville, For Appellant, Martin, Cole, Dando & Robertson, Inc.

Nicholas E. Bragorgos; Thomas F. Preston, Memphis, For Appellee, David Moore, d/b/a D&M Enterprises

## OPINION

Martin, Cole, Dando & Robertson, Inc. ("MCDR," or "Appellant") was the general contractor for an addition to the Promus Data Center Facility in Memphis, Tennessee (the "Project"). On November 21, 1997, Plaintiff Promus Hotels, Inc. ("Promus") brought suit in chancery court against MCDR and Co-Defendants Hnedak Bobo Group, Inc. and HBG Management, Inc. (collectively referred to as "HBG"). Promus alleged that MCDR breached its contract with Promus by performing deficient construction at the Project. On February 3, 1998, MCDR filed an Answer to Promus' Complaint and a third-party complaint against its subcontractor, David Moore d/b/a D&M

Enterprises (D&M).[1]  The Third-Party Complaint was amended on February 24, 1998, and essentially seeks indemnity against D&M for such sums for which MCDR is liable to Promus. MCDR sues D&M alleging negligence and breach of contract entered into August 11, 1994 by and between MCDR and D&M..

Promus reached a compromise and settlement of all its claims against all defendants. Consent orders of dismissal were entered for all of Promus' claims, thus removing Promus as a party to this action.

MCDR continues to assert its indemnity claims against D&M.  On February 10, 2000, MCDR filed a Motion to Stay Litigation Pending Arbitration, with MCDR asserting that Article 14 of the Subcontract between MCDR & D&M binds D&M to arbitration.

On March 2, 2000, D&M filed a Response to MCDR's Motion to Stay Litigation.  D&M's Response claims that they are not bound to arbitrate this matter due to an exception found in the Subcontract.

By order entered March 28, 2000, the chancery court denied MCDR's Motion to Stay Litigation and granted MCDR's Motion for Interlocutory Appeal.  MCDR filed an Application for Permission to Appeal to this Court on April 10, 2000.  At the time of their Tenn. R. App. P. 9 appeal to this Court, MCDR had filed no Motion to Compel Arbitration and there was no order denying a motion to compel arbitration.  Consequently, this Court denied MCDR's application by Order dated May 2, 2000.  Still without filing a Motion to Compel Arbitration in the trial court, MCDR appealed to this Court pursuant to Tenn. R. App. P. 3(e).  On May 15, 2001, this Court dismissed the appeal, because MCDR had failed to file a Motion to Compel Arbitration in the trial court and, under T.C.A. § 29-5-319(a)(1), an appeal as of right may be taken from an order denying an application to compel arbitration made pursuant to T.C.A. § 29-5-303.  Without a final order denying a motion to compel arbitration, this Court lacked jurisdiction over the matter at that time.

On February 12, 2002, MCDR did file a Motion to Compel Arbitration in the chancery court, which was denied by order entered April 15, 2002.  MCDR appeals from this order and raises one issue for our review as stated in its brief: Whether the Chancery Court erred by denying MCDR's Motion to Compel Arbitration of the dispute between MCDR and D&M.

Article 14 of the Subcontract governs the parties' arbitration agreement and, as pertinent, provides:

> 14.1 AGREEMENT TO ARBITRATE.  All claims, disputes and
> matters in question arising out of, or relating to, this Agreement or the

---

[1] MCDR also filed Third-Party Claims against Hall Blake & Associates, Inc., and ALDF, Inc. (Formerly Adsit Landscape & Design, Inc.).  These Complaints were voluntarily dismissed by MCDR, pursuant to Tenn. R. Civ. P. 41.01. An Order to that effect was entered on January 21, 2000.

breach thereof, except for claims which have been waived by the making or acceptance of final payment, and the claims described in Paragraph 14.2, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notwithstanding other provisions in the Agreement, this agreement to arbitrate shall be governed by the Federal Arbitration Act.

14.2 EXCEPTIONS. The agreement to arbitrate shall not apply to any claim:

      (a) of contribution or indemnity asserted by one party to this Agreement against the other party and arising out of an action brought in a state or federal court or in arbitration by a person who is under no obligation to arbitrate the subject matter of such action with either of the parties hereto or does not consent to such arbitration; or

      (b) asserted by the Subcontractor against the Contractor if the Contractor asserts said claim, either in whole or in part against the Owner, or asserted by the Owner against the Contractor, when the contract between the Contractor and Owner does not provide for binding arbitration, or does so provide but the two arbitration proceedings are not consolidated, or the Contractor and Owner have not subsequently agreed to arbitrate said claim. In either case the parties hereto shall notify each other either before or after demand for arbitration is made.

In any dispute arising over the application of this Paragraph 14.2, the question of arbitrability shall be decided by the appropriate court and not by arbitration.

\*                     \*                     \*

14.4 NOTICE OF DEMAND. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand for arbitration shall be made as required in the Contract Documents or within a reasonable time after written notice of the claim, dispute or other matter in question has been given, but in no event shall it be made when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitation, whichever shall first occur. The location of the arbitration proceedings shall be the location of the Project.

The interpretation of a written contract is a matter of law, and thus, no presumption of correctness in its interpretation exists. *NSA DBA Benefit Plan, v. Connecticut Gen. Life Ins. Co.*, 968 S.W.2d 791 (Tenn. Ct. App.1997). The cardinal rule in the construction of contracts is to ascertain the intent of the parties. *West v. Laminite Plastics Mfg. Co.*, 674 S.W.2d 310 (Tenn. Ct. App.1984). If the contract is plain and unambiguous, the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms. *Petty v. Sloan*, 277 S.W.2d 355 (Tenn. 1955). The language used in a contract must be taken and understood in its plain, ordinary, and popular sense. *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578 (Tenn.1975). In construing contracts, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning. *Ballard v. North American Life & Casualty Co.*, 667 S.W.2d 79 (Tenn. Ct. App.1983). If the language of a written instrument is unambiguous, the Court must interpret it as written rather than according to the unexpressed intention of one of the parties. *Sutton v. First Nat. Bank of Crossville*, 620 S.W.2d 526 (Tenn. Ct. App.1981). Courts cannot make contracts for parties but can only enforce the contract which the parties themselves have made. *McKee v. Continental Ins. Co.*, 234 S.W.2d 830 (Tenn. 1950).

MCDR's principle argument is that the exception found in Paragraph 14(a)(2) is not applicable in this case. MCDR admits that, while Promus was still involved in the litigation, Paragraph 14(a)(2) of the Subcontract barred MCDR from demanding that its indemnity claim against D&M proceed to arbitration because Promus was a third-party who was "under no obligation to arbitrate" its own claims against MCDR. However, MCDR asserts that the settlement between MCDR and Promus renders the exception in Paragraph 14(a)(2) inapplicable. We cannot agree. The provisions of the contract are not ambiguous. The contract between the parties explicitly provides that the agreement to arbitrate does "not apply to any claim: (a) of . . . indemnity asserted by one party to the agreement against the other party and arising out of an action brought in a state . . . court . . . by a person who is under no obligation to arbitrate the subject matter of such action with either of the parties hereto . . . ."

The instant case is an indemnity claim asserted by MCDR, a party to the contract, against D&M, the other party to the contract, and arises out of an action brought in chancery court by Promus, a person not obligated to arbitrate the subject of the action with either MCDR or D&M, the parties to the instant action. The language of the contract could not be more precise, and there is absolutely no language in the contract to eliminate the exception after the provision becomes operative, as it did in this case. The terms of the contract between the parties control, and there is no obligation to submit a dispute between the parties to arbitration.

The order of the trial court is affirmed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed to the Appellant, Martin, Cole, Dando & Robertson, Inc., and its surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.