IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 11, 2005 Session

# I & L INVESTMENTS, LLC, ET AL. v. CAGLE'S CONSTRUCTION, LLC, ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V-02-997     Lawrence H. Puckett, Judge**

**No. E2005-00654-COA-R3-CV  - FILED JULY 28, 2005**

I & L Investments, LLC ("I & L"), and Wet Willy's Fireworks Supermarkets of Tennessee, Inc. ("Wet Willy's"), sued Cagle's Construction, LLC, and Ed Cagle (collectively the "Cagles"), seeking to enforce restrictive covenants with respect to real property owned by Cagle's Construction, LLC. The trial court granted the defendants summary judgment, holding that the defendants' tender of $100,000 to I & L as liquidated damages pursuant to the provisions of a document entitled "Settlement and Mutual Release" barred the plaintiffs' attempt to enforce the restrictive covenants. The plaintiffs appeal the trial court's judgment, contending that the court erred in failing to enforce the restrictive covenants against the Cagles in view of their plan to construct a building on the property for the purpose of selling fireworks. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Roger E. Jenne, Cleveland, Tennessee, for the appellants, I & L Investments, LLC, and Wet Willy's Fireworks Supermarkets of Tennessee, Inc.

Jimmy W. Bilbo, Cleveland, Tennessee, for the appellees, Cagle's Construction, LLC and Ed Cagle.

**OPINION**

I.

At an earlier time, in 2002, I & L and William Joe Phillips each owned property located at Exit 20 off Interstate Highway 75 in Bradley County. They mutually agreed to jointly market their properties. Pursuant to their agreement, I & L and Phillips executed a Joint Venture Agreement ("the

JVA") dated March 12, 2002. Among other provisions, the parties agreed that the purpose of the JVA was "to market and sell together property owned individually" by I & L and Phillips for the purpose of "enhanc[ing] the marketability of each of the Joint Venturer's property to the mutual benefit of each of the parties." The parties agreed to sell their properties as a unit for $5 million. The JVA contains provisions permitting Phillips, under certain circumstances, to sell his individually-owned properties covered by the JVA.

In the JVA, Phillips agreed that if property owned by Phillips, which was covered by the JVA, was "sold pursuant to the terms of this agreement or during the term of this agreement," the sale would be made subject to the following restrictions:

> 1. A permanent restriction prohibiting any building or facility, temporary or otherwise, for the sale or marketing of fireworks or other pyrotechnic devices.
>
> 2. A permanent restriction prohibiting the advertising, sale or marketing of any fireworks or other pyrotechnic devices.

Following the execution of the JVA, Phillips sold property owned by him, which property was covered by the terms of the JVA, to Cagle's Construction, LLC. The plaintiffs do not contend that the sale violated the terms of the JVA.

On May 24, 2002, a document entitled "Settlement and Mutual Release" ("the S&MR") was executed by and/or on behalf of the following: I & L; Phil Loyd, individually and in his capacity as "Chief Manager" of I & L; Cagle's Construction, LLC; Edgar L. Cagle, Jr.,[1] individually and as "Chief Manager" of Cagle's Construction, LLC; and Phillips.

The S&MR recites that it is intended as "a resolution of potential disputes between" the parties. The agreement further recites, in broad general terms, that the parties release each other with respect to any and all claims growing out of the JVA. As particularly pertinent to this appeal, the S&MR provides as follows:

> 2. Without limitation upon the generality of the foregoing, it is agreed that contemporaneously herewith, I & L will execute and the parties will cause to be recorded in the Register's Office of Bradley County, Tennessee, a full release and termination of the herein above-described [JVA].
>
> 3. Without limitation upon the generality of the foregoing, it is agreed that Cagle's and Phillips will execute and cause to be recorded in the Register's Office of Bradley County, Tennessee, restrictive

---

[1]Apparently, Edgar L. Cagle, Jr., is the same person as the defendant Ed Cagle.

covenants restricting all of the property described in the aforesaid [JVA] and/or owned by either of them in the Southwest quadrant of I-75, Exit 20, along Pleasant Grove Road, in the Second Civil District of Bradley County, Tennessee, from the sale, storage or advertising of fireworks or pyrotechnic materials or devices.

4. It is agreed that if either Cagle's, Cagle or Phillips shall violate the aforesaid restrictions, then I & L shall be entitled as its sole remedy to recover from the party so violating the restrictions, as its liquidated damages by reason of such violation and not as a penalty, the sum of One Hundred Thousand Dollars ($100,000.00), which is agreed on as the amount of damages that will be sustained by I & L by reason of such violation, it being impracticable or extremely difficult to fix the actual damage at the time of making of this agreement.

On the same day that the S&MR was executed – May 24, 2002 – Cagle's Construction, LLC, and Phillips executed a separate document entitled "Restrictive Covenants Prohibiting Sale of Fireworks and Pyrotechnics" ("the Restrictive Covenants"), which was subsequently filed for recordation in the Bradley County Register of Deeds' Office. It is undisputed that the Restrictive Covenants apply to the property that is at the center of the dispute in the instant case.

In the Restrictive Covenants, Cagle's Construction, LLC, and its grantor, Phillips, agreed, *inter alia*, to the following terms:

The following restrictions, limitations and covenants shall be binding on Cagle, Phillips, their respective successors and assigns and all future purchasers of the above-described properties:

1. No building, tent, stand or facility of any type shall be constructed, temporary or otherwise, for the sale or marketing of fireworks or other pyrotechnic materials and devices.

2. No fireworks or pyrotechnic devices or materials shall be advertised, sole [sic], stored or marketed in any fashion from the above referenced parcels of property.

On October 17, 2002, the defendant Ed Cagle, apparently acting on behalf of Cagle's Construction, LLC, applied for, and received, a building permit from the Bradley County Inspections Department to construct a "Structural Steel" building. It is undisputed that the permit pertains to property owned by Cagle's Construction, LLC, and covered by the Restrictive Covenants; it is also undisputed that the proposed use of the planned structure was, as reflected in the permit, for a "fireworks store."

-3-

II.

On November 20, 2002, the plaintiffs filed their "Verified Complaint for Injunctive Relief." The complaint alleges that Wet Willy's "leas[es] real estate owned by I & L." The property leased to Wet Willy's is identified as being across the street from the property owned by Cagle's Construction, LLC.

The plaintiffs contended in their complaint that the "defendants have undertaken a course of conduct to violate the restrictive covenants prohibiting the sale of fireworks and pyrotechnics." The complaint then alludes to the building permit and alleges that the "construction" authorized by it is a violation of the Restrictive Covenants. In addition to immediate relief, the complaint seeks a permanent injunction prohibiting the construction of a structure " intended to be used for the sale or marketing of fireworks or other pyrotechnic materials and devices or doing any other act in violation of the **Restrictive Covenants**." (Bold print in original).

The parties filed competing motions for summary judgment. The trial court granted the defendants summary judgment, holding, in effect, that the defendants' tender into court of $100,000 pursuant to the terms of the S&MR satisfies the provisions of that agreement and effectively barred the plaintiffs' complaint for injunctive relief. In a memorandum opinion, the trial court stated the following:

> In their [S&MR], the parties clearly contemplated the filing of restrictive covenants forbidding use of the property for the sale of fireworks. The parties agreed to a reasonable amount of liquidated damages upon breach of the agreement. The construction of the [S&MR] urged by the defendants would require the court to conclude that the restrictions against the sale, storage or advertising of fireworks or pyrotechnic materials or devices is different in "kind and nature" from the restriction providing that
>
>> No building, tent, stand, or facility of any type shall be constructed, temporary or otherwise, for the sale or marketing of fireworks or other pyrotechnic materials and devices.
>
> The court finds the above restriction to be "of the same kind or nature as those set out specifically" in the [S&MR] and no other class or kind of restriction is mentioned or intended. The restrictions to which the liquidated damage provision applies are those "covenants" the agreement states "that Cagle and Phillips will execute and cause to be recorded in the Register's Office of Bradley County, Tennessee . . . restricting all of the property . . . from the sale, storage or advertising of fireworks or pyrotechnic materials or devices."

-4-

III.

The issues, as stated by the plaintiffs, are as follows:

I. Did the trial court err in refusing to enforce restrictive covenants prohibiting the construction of a building to be used for the sale of fireworks and pyrotechnics?

II. Did the trial court err in ruling that a liquidated damage provision which pertained only to the sale, storage, or advertising of fireworks or pyrotechnic materials was applicable to release restrictive covenants running with the land for 50 years which prohibited the construction of a building, tent, stand, or facility or any type to be used for the sale or marketing of fireworks or other pyrotechnic materials or devices?

The parties agree that all material facts are undisputed. Therefore, the general threshold determination that we must make is whether those undisputed material facts show that the defendants are "entitled to a judgment as a matter of law." ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993). Since this is a "matter of law," we undertake our *de novo* review with no presumption of correctness as to the trial court's conclusions of law. ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993).

Synthesized down to their core, the plaintiffs' two issues require us to determine whether the defendants' payment of $100,000 relieves them of their obligation to abide by the Restrictive Covenants. The defendants say it does. The plaintiffs, on the other hand, argue that the S&MR and the payment tendered pursuant to it *only* apply to the second of the two restrictions, *i.e.*, "no fireworks or pyrotechnic devices or materials shall be advertised, sole [sic], stored or marketed in any fashion from the above referenced parcels of property." They contend that the payment of the $100,000 does not relieve the defendants from the first of the two restrictions:

No building, tent, stand or facility of any type shall be constructed, temporary or otherwise, for the sale or marketing of fireworks or other pyrotechnic materials and devices.

It is this restriction that the plaintiffs contend will be violated by the construction of the building proposed by the Cagles.

IV.

We must determine the intent of the parties to the S&MR with respect to the terms of that document because it is clear that we are dealing with a contract and "[t]he cardinal rule in construing contracts is to ascertain the intent of the parties." ***West v. Laminite Plastics Mfg. Co***., 674 S.W.2d

310, 313 (Tenn. Ct. App. 1984). In ascertaining the parties' intent, our initial focus is on the words used by the parties; those words must be given their usual, natural and ordinary meaning. ***Ballard v. N. Am. Life and Cas*. *Co***, 667 S.W.2d 79, 82 (Tenn. Ct. App. 1983). If the words are unambiguous – and neither side in this case disputes that they are – we must interpret the language as written without regard to what may be the unexpressed intent of a party. ***Sutton v. First Nat'l. Bank of Crossville***, 620 S.W.2d 526, 530 (Tenn. Ct. App. 1981).

The interpretation of an unambiguous contract is a question of law for the court. ***Petty v. Sloan***, 277 S.W.2d 355, 358 (Tenn. 1955). Courts cannot make a contract for the parties; rather, our obligation is to enforce the one made by the parties themselves. ***McKee v. Continental Ins. Co***., 234 S.W.2d 830, 831 (Tenn. 1950).

V.

We start our analysis of the facts of this case by stating the obvious: the subject of the S&MR and that of the Restrictive Covenants are closely intertwined and relate back to the JVA. First of all, both the S&MR and the Restrictive Covenants are dated May 24, 2002.[2] Second, the S&MR specifically alludes to the planned recordation of the Restrictive Covenants. Third, these covenants are essentially the same as the ones mentioned in the JVA. Fourth, all of the signatories to the S&MR are parties to the JVA or closely related to those parties. Fifth, the S&MR expressly disposes of all claims that might arise out of the JVR, and provides for the memorializing of this release in the Register of Deeds' Office. It is clear beyond any doubt that the S&MR and the Restrictive Covenants, the subjects of which are not only closely related but also intertwined, must be construed, if possible, in harmony with each other. *See **Real Estate Mgmt., Inc. v. Giles***, 293 S.W.2d 596, 599 (Tenn. Ct. App 1956).

We hold that the Restrictive Covenants as well as the S&MR, at their core, are focused on the issue of *the marketing of fireworks and pyrotechnics*. The Restrictive Covenants are headed-up in capital letters, bold print, and underlining as follows:

**RESTRICTIVE COVENANTS PROHIBITING
SALE OF FIREWORKS AND PYROTECHNICS**

We believe the inescapable conclusion is that the Restrictive Covenants were designed to prevent the *ultimate sale of fireworks and pyrotechnics*. We recognize that this desire was expressed in two ways that are arguably somewhat different – one was a general prohibition while the other is more focused on the manner in which the marketing of the fireworks and the pyrotechnics is achieved. However, the words of the S&MR are particularly instructive in this case. In paragraph 3 of the S&MR, the parties refer to "restrictive covenants" *in the plural* "restricting . . . property . . . from the sale, storage or advertising of fireworks or pyrotechnic materials or devices." The plural

---

[2]The record does not reflect when Wet Willy's leased property from I & L. Certainly, there is nothing in the record suggesting that the lease was executed before the S&MR was executed.

-6-

"restrictions" mentioned in paragraph 3 of the S&MR are then again addressed in the following paragraph 4 of the S&MR in which the parties agree to a remedy – and a sole one at that – for the violation of the paragraph 3 "restrictions." The same day the S&MR was executed, Cagle's Construction, LLC, and Phillips executed "restrictions" that they labeled "Restrictive Covenants Prohibiting Sale of Fireworks and Pyrotechnics." It is clear to us that the restrictions filed for recordation in the Register of Deeds' Office of Bradley County are the same restrictions alluded to in paragraph 3 of the S&MR and the same restrictions mentioned in paragraph 4 of the same document.

It should also be noted that the prohibition in the second of the two restrictions is directed at the sale and handling of the described material "in any fashion from the above referenced parcels of property." The general language of "in any fashion" is certainly broad enough to "swallow up" the more specifically-focused language of the first restriction.

In this case, the defendants agreed to pay and actually tendered into court the sum of $100,000, a not-inconsequential sum. This payment was made as liquidated damages for the violation of the "restrictions" *in the plural*. In our judgment, the parties to the S&MR, when referring to restrictions in the plural, intended to encompass *all* of the restrictions. As the labeling of the Restrictive Covenants clearly shows, both of those covenants were directed at the sale of fireworks and pyrotechnics.

The S&MR provides that if Cagle's Construction, LLC, Edgar L. Cagle, Jr., and Phillips, or any one of them, violates the Restrictive Covenants, "I & L shall be entitled *as its sole remedy* to recover from the party so violating the restrictions . . . the sum of [$100,000]." Both of the restrictions pertain to the sale or other involvements with fireworks and pyrotechnic devices and materials. It would be a strained construction of the language of the S&MR to hold that the $100,000 payment pertained to the sale of fireworks and pyrotechnic devices and materials but not to the facilities by which the sale is to be accomplished. This is a parsing that we cannot accept. We cannot limit the parties' S&MR by placing a strained construction on the language used by them. *See Marshall v. Jackson & Jones Oils, Inc*., 20 S.W.3d 678, 682 (Tenn. Ct. App. 1999).

VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to I & L Investments, LLC, and Wet Willy's Fireworks Supermarkets of Tennessee, Inc. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE