IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 1, 2017

## NYRSTAR TENNESSEE MINES-STRAWBERRY PLAINS, LLC v. CLAIBORNE HAULING, LLC, DBA CLAIBORNE TRUCKING, LLC

**Appeal from the Chancery Court for Knox County**
**No. 188408-1          John F. Weaver, Chancellor**

———————————————————

**No. E2017-00155-COA-R3-CV**

———————————————————

This case involves a motion for attorney's fees filed by Nyrstar Tennessee Mines – Strawberry Plains, LLC. Nyrstar and Claiborne Trucking, LLC are parties to a contract. Nyrstar prevailed in an underlying breach of contract action against Claiborne. After prevailing in the underlying case, Nyrstar filed a motion asking to be awarded its attorney's fees pursuant to the parties' contract. The issue before us is whether the language of the contract is sufficient to allow Nyrstar to seek fees. The trial court held that the language is not sufficiently specific to create a contractual right to recover attorney's fees. Nyrstar appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Hugh B. Ward, Jr. and Mindy L. Nower, Knoxville, Tennessee, for the appellant, Nyrstar Tennessee Mines-Strawberry Plains, LLC.

Ben D. Cunningham, Knoxville, Tennessee, for the appellee, Claiborne Hauling, LLC.

## OPINION

### I.

Nyrstar, a seller of rock from its mines, entered into a contract to sell specified qualities of rock to Claiborne. Based upon unpaid invoices, Nyrstar filed a breach of

contract action. Nyrstar prevailed in the underlying action, and the court awarded Nyrstar $116,073.43. After prevailing in the breach of contract case, Nyrstar filed a motion for attorney's fees and expenses. In its motion, Nyrstar requested $109,761.62, which included (a) $106,779.50 for attorney's fees and (b) $2,982.12 for expenses.

Nyrstar claims to be entitled to attorney's fees based upon the following provision in the contract:

> **13. Costs**
>
> The Customer must pay Nyrstar all costs and expenses incurred by Nyrstar in connection with enforcing its rights against the Customer under an Agreement including legal expenses and other costs incurred in recovering monies owed by the Customer to Nyrstar.

(Bold font in original.)

The trial court awarded Nyrstar its expenses but refused to award attorney's fees. With respect to the attorney's fees, the trial court found that "the contractual language is not sufficient for an award of attorney's fees." The trial court explained that

> [t]he plaintiff Nyrstar's language does not use the term "fees." It uses "expenses," which has been found to be inadequate. Merely providing for the "recovery of 'costs and expenses' " is insufficient to reach a contractual right to recover attorney's fees.

Accordingly, the trial court denied Nyrstar's request for attorney's fees. Nyrstar appeals.

## II.

The issue presented is whether the trial court erred in finding that the contractual language in this case is not sufficient to create a right for Nyrstar to recover attorney's fees.

## III.

"The interpretation of a written agreement is a question of law and not of fact." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). We review a trial court's conclusions of law under a de novo standard with no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). "When

resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language." ***Guiliano v. Cleo, Inc.***, 995 S.W.2d 88, 95 (Tenn. 1999). "Regarding factual findings, our review is . . . de novo upon the record of the trial court, but with a presumption of correctness." ***Epperson***, 284 S.W.3d at 308.

### IV.

### A.

"Tennessee courts have long adhered to the American rule, concluding that an award of attorney's fees as part of the prevailing party's damages is contrary to public policy." ***John Kohl & Co. v. Dearborn & Ewing***, 977 S.W.2d 528, 534 (Tenn. 1998). A prevailing party may recover attorney's fees under the American rule "only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." ***Epperson***, 284 S.W.3d at 308.

The Supreme Court in ***Epperson*** provided the following guidance for the specificity required to create a contractual right to recover attorney's fees:

> Tennessee allows an exception to the American rule only when a contract *specifically* or *expressly* provides for the recovery of attorney fees. . . . If a contract does not specifically or expressly provide for attorney fees, the recovery of fees is not authorized.
>
> \*   \*   \*
>
> The term "costs" has not generally been construed to encompass attorney fees. . . .
>
> The term "expenses," however, has been less frequently addressed. After reviewing the case law of this state and other jurisdictions, we take this opportunity to clarify that the term "expenses," without more, also does not include an award of attorney fees.
>
> \*   \*   \*
>
> This Court has adhered strictly to the guiding principle that the American rule, prohibiting an award of attorney fees, will apply unless a contract specifically and expressly creates a

- 3 -

right to recover "attorney fees" or some other recognized exception to the American rule is present. The only way parties to a contract have been able to specifically and expressly create a right to recover attorney fees has been by incorporating the phrase "including reasonable attorney fees" or some other similar, yet equally specific, contractual language.

*Id.* at 309-10 (Internal citations omitted; emphasis in original.)

In ***Epperson***, the Supreme Court construed the following provision: "All costs and expenses of any suit or proceeding shall be assessed against the defaulting party." *Id.* at 307. The High Court found that the language was insufficient to create a right to attorney's fees. The Court held that "if the parties intend to create contractually a right to recover attorney fees, the contractual language must specifically and expressly articulate this intent and not merely provide for recovery of 'costs and expenses.' " *Id.* at 311. The Court concluded that "[a]dhering to this bright-line rule provides certainty in contracting and is warranted by the public policy considerations supporting the American rule." *Id.*

**B.**

"It is the Court's duty to enforce contracts according to their plain terms." ***Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.***, 521 S.W.2d 578, 580 (Tenn. 1975). We construe the contract "by examining the plain and ordinary meaning of the written words that are 'contained within the four corners of the contract.' " ***Dick Broad. Co. of Tennessee v. Oak Ridge FM, Inc.***, 395 S.W.3d 653, 659 (Tenn. 2013).

As previously noted in this opinion, the contract before us provides the following:

**13. Costs**

The Customer must pay Nyrstar all costs and expenses incurred by Nyrstar in connection with enforcing its rights against the Customer under an Agreement including legal expenses and other costs incurred in recovering monies owed by the Customer to Nyrstar.

(Bold font in original.) Because the contract does not incorporate the phrase "including reasonable attorney's fees," we construe the contract to determine if this contractual language is "similar, yet equally specific." *See* ***Epperson***, 284 S.W.3d at 310.

The provision at issue does not specifically or expressly create a right to "fees," "attorney's fees," or "reasonable attorney's fees." The contract merely provides for

- 4 -

"legal expenses." The phrases "reasonable attorney's fees" and "legal expenses" are mutually exclusive. As the Supreme Court has explained, "the term 'expenses,' without more, . . . does not include an award of attorney fees." *Id.* The phrase "legal expenses" is much broader and could encompass a number of items other than attorney's fees. Simply placing the word "legal" in front of expenses does not demonstrate a clear intent to provide for the recovery of attorney's fees. A contract must specifically or expressly create a right to recover attorney's fees, and the inclusion of the phrase "legal expenses" lacks the specificity required.

Nyrstar argues that the language at issue is more specific than the language in *Epperson*. Contrary to Nyrstar's claim, however, the language at issue is substantively the same as the language in *Epperson*. As previously noted, the contract in *Epperson* contained the phrase "[a]ll costs and expenses of any suit or proceeding," and the Supreme Court found that language to be insufficient. In this case, the contract provides for "all costs and expenses . . . including legal expenses and other costs." The synonymity between these phrases is undeniable. Whether called expenses of any suit or proceeding or called legal expenses, the language is equally specific and indistinguishable. The subtle difference between the phrases does not make the provision more specific or express so as to create a right to attorney's fees. This case is directly on point with *Epperson*. We hold that the language at issue is not sufficiently specific or express to create a right for Nyrstar to recover its attorney's fees.

Additionally, the title of the provision at issue provides further support for this conclusion. The plain language in the contract describes this provision as dealing with "*Costs*." (Emphasis added.) As discussed by the Supreme Court, "[t]he term 'costs' has not generally been construed to encompass attorney fees." *Id*. "It is not the role of the courts, even courts of equity, to rewrite contracts for dissatisfied parties." *Snyder v. First Tenn. Bank, N.A.*, 450 S.W.3d 515, 518 (Tenn. Ct. App. 2014). As written, the contract clearly designates the provision at issue as dealing with "costs," and that term is not sufficient to create a right to attorney's fees. When read as a whole, the provision manifests no clear intention that Nyrstar is entitled to recover attorney's fees.

Nyrstar attempts to analogize the provision in its contract to the provisions in *Richey v. Motion Indus., Inc.*, No. 3:07-CV-466, 2010 WL 1138295, at *2 (E.D. Tenn., filed Feb. 3, 2010) and *Raines Bros., Inc. v. Chitwood*, No. E2013-02232-COA-R3-CV, 2014 WL 3029274, at *1 (Tenn. Ct. App., filed July 3, 2014). In *Richey*, the contract provided that "the Defendant will incur any 'legal fees' that are incident to the performance of the contract." 2010 WL 1138295, at *2. The court held as follows: "While the Court agrees that the term 'legal fees' is perhaps a more inclusive term than 'attorneys' fees,' the Court finds that the use of the term 'legal fees' is sufficiently specific [to create] a right to recover attorney's fees." *Id.* There is a clear distinction in the provision in this case. In *Richey*, the contract actually provided for "fees" by using the term "legal fees." The contract in this case does not use the term "fees" or "legal

- 5 -

fees." This case is clearly distinguishable, and Nyrstar's comparison is unpersuasive.

In **Raines Bros.**, the court construed the following provision: "In the event a mutual resolution cannot be found and the dispute results in litigation, the prevailing party shall be entitled to reimbursement by the other party for reasonable costs, expenses, and *fees incurred*." 2014 WL 3029274, at *1. (Emphasis added.) The court concluded that "the reference to litigation in combination with the language, 'fees incurred,' clearly and unambiguously demonstrates that 'fees incurred' would include attorney's fees." **Id.** at *12. The provision in **Raines Bros.** is distinguishable on the basis that the contract specifically provides for "fees." The provision in **Raines Bros.** is distinguishable from and more specific than the contract in this case. That case provides no support for Nyrstar's position.

The language in the contract before us is not sufficient for Nyrstar to be entitled to recover its attorney's fees. The provision at issue does not expressly or specifically create a right for Nyrstar to recover its attorney's fees. The evidence does not preponderate against the trial court's denial of Nyrstar's request for attorney's fees. Nyrstar's argument that it should be awarded attorney's fees on appeal is also without merit. Because the contract does not create a right to recover attorney's fees and Nyrstar was unsuccessful in this appeal, Nyrstar is not entitled to attorney's fees on appeal.

## V.

The judgment of the trial court is affirmed. The costs on appeal are assessed to the appellant, Nyrstar. This case is remanded to the trial court for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE